14-3149-cv
Green v. District Council 1707

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand fifteen.

PRESENT: DENNIS JACOBS,
              RAYMOND J. LOHIER, JR.,
                *Circuit Judges*,
              PAMELA K. CHEN,
                *District Judge*.[*]

-----------------------------------------------------------------

MICHAEL GREEN,

                   *Plaintiff-Appellant*,

              v.                      No. 14-3149-cv

DISTRICT COUNCIL 1707, AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO, and RAGLAN GEORGE, JR., individually,

                   *Defendants-Appellees*.

-----------------------------------------------------------------

FOR APPELLANT:        MARGARET MCINTYRE, New York, NY.

---

[*] The Honorable Pamela K. Chen, United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLEES:        LARRY CARY, Cary Kane LLP, New York, NY, *for* District Council 1707, American Federation of State, County & Municipal Employees, AFL-CIO.

Harvey Steven Mars, New York, NY, *for* Raglan George, Jr.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED.

Michael Green appeals from a judgment of the District Court dismissing his amended complaint for failure to state a claim of race or ancestry discrimination pursuant to 42 U.S.C. § 1981 and declining to exercise supplemental jurisdiction over Green's pendent state law claims. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and vacate in part.

To survive a motion to dismiss, "a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination," but it "must at a minimum assert nonconclusory factual matter sufficient to nudge[ ] [its] claims . . . across the line from conceivable to plausible. " EEOC v. Port Auth. of N.Y. & N.J., 768 F.3d 247, 254 (2d Cir. 2014) (alterations in original) (quotation marks omitted).

The defendants argue that the allegations in Green's amended complaint fail to give rise to an inference of race discrimination. We disagree with respect to Green's claims based on his termination and the denial of severance. Green has stated a claim of race discrimination under § 1981 because he plausibly alleged, among other things, that his supervisor consistently treated African American and Latino employees better than similarly situated Caucasian employees and that he was replaced by an African American. See id. In

the alternative, the defendants argue that the District Court was right to dismiss the amended complaint because it pointed to legitimate, nondiscriminatory reasons for Green's termination. But "[w]hether there existed non-pretextual, non-discriminatory explanations for the defendants' employment decisions . . . is not properly decided on a motion to dismiss for failure to state a claim." Brown v. Daikin Am. Inc., 756 F.3d 219, 230-31 (2d Cir. 2014). We therefore vacate the judgment of the District Court insofar as it dismissed Green's claims for race discrimination under § 1981 with respect to Green's claims based on his termination and the denial of severance.

However, the dismissal of Green's claim of racial discrimination based on the defendants' alleged failure to pay him for unused vacation time is affirmed. In contrast to Green's allegations regarding his termination and the denial of severance, Green offers only conclusory statements that the alleged denial of vacation pay was racially motivated.

Turning to the District Court's dismissal of Green's claims for ancestry discrimination under § 1981, we affirm. The amended complaint contains no allegations that Green suffered any adverse action on the basis of his ancestry, nor does it identify the ancestry or religious backgrounds of any of the purported comparators whom Green asserts received more favorable treatment.

Because Green has stated a federal cause of action, we also vacate the judgment of the District Court insofar as it declined to exercise supplemental jurisdiction over Green's pendent state law claims. On remand, we leave it to the District Court to decide whether to exercise supplemental jurisdiction over these claims.

We have considered Green's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

3